IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**HARVEY R. JOHNSON**

        Petitioner,

v.                            **CIVIL ACTION NO. 1:19-CV-189**
                                    Judge Bailey

**WARDEN HUDGINS,**

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Aloi [Doc. 19]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Aloi filed his R&R on November 24, 2021, wherein he recommends the Motion to Dismiss or for Summary Judgment [Doc. 15] be granted, the petition [Doc. 1] be denied and dismissed with prejudice, and the Motion for Writ of Mandamus [Doc. 10] be denied as moot. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

In his petiton, petitioner challenges the validity of a Disciplinary Hearing Officer ("DHO") hearing and asks this Court to issue an order expunging the incident report and restore his Good Conduct Time. [Doc. 1].

As summarized in the R&R, petitioner challenges a February 25, 2019, DHO hearing regarding conviction of a disciplinary code violation for Insolence Toward Staff. Petitioner

contends that the Bureau of Prisons ("BOP") violated his due process rights by withholding evidence from him before the DHO hearing and that insufficient evidence was used to support a finding of guilt. He further contends that the charge arose out of an improper visual search of his body. The magistrate judge found that the DHO's disciplinary findings were supported by sufficient evidence, which included information in the Incident Report, the investigation, the eyewitness report of a staff member, a memorandum submitted by a Correctional Systems Officer, and Johnson's statement denying the charges. In regard to the visual search, the magistrate judge found that, under the facts of this case, "when Petitioner repeatedly defied staff orders to exit the shower and remained there for an extended time, staff was well within its rights to conduct the search; there is nothing in the record beyond Petitioner's own unsupported conclusory allegation to suggest the search was done out of 'vindictiveness' or for any other improper reason. Therefore, there was no due process violation, nor any *Accardi* doctrine violation." [Doc. 19 at 17–18].

## II.  STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner filed his Objections to the R&R [Doc. 22] on December 17, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Petitioner raised a number of objections to the R&R. First, petitioner takes issue with the magistrate judge's comment on his Response in Opposition [Doc. 18]. The magistrate judge noted that "[i]n a seventy-page, hand-written, repetitive response in opposition, filed without leave of Court, Petitioner reiterates his arguments and attempts to refute the Respondent's on the same." [Doc. 19 at 5]. Petitioner takes issue with this observation, contending that his response was twenty-three pages, within the twenty-five page limit, and that the included attachments do not count towards the total. [Doc. 22 at 1–2]. He contends that the magistrate judge did not adequately consider the response.

3

[Id.]. A review of the R&R makes clear that the magistrate judge considered both the arguments made in petitioner's response as well as his included attachments. Accordingly, this objection is overruled.

Second, in several places in the objections, petitioner contends that the evidence at the DHO hearing was insufficient, that the magistrate judge somehow ignored this issue to focus on procedural rules, or that the magistrate judge did not sufficiently address the evidence. To the extent that petitioner is merely reiterating his earlier arguments, the Court finds that the magistrate judge considered those arguments and thoroughly reviewed the evidence in this case. Insofar as petitioner contends that the magistrate judge ignored either the evidence in this case or petitioner's arguments, the Court finds this argument has no merit. This objection is overruled.

Third, petitioner takes issue with the R&R's statement that "[p]etitioner's only defense was that he never refused the staff orders and never made a sexual proposal." [Doc. 19 at 11]. Petitioner contends that this was not his only defense, and that additional defenses were provided in his response. [Doc. 22 at 3–4]. Read in context, it is clear that the R&R is saying this was the only defense *presented at the DHO hearing*; the magistrate judge was not ignoring petitioner's arguments raised in this case. The objection is overruled.

Fourth, petitioner objects to the magistrate judge's finding that petitioner's decision not to call a staff representative or witness on his behalf at the DHO hearing leads to the inference that no witness would support his version of the event. [Docs. 22 at 4–5, 19 at 15]. Upon review, this Court finds no error in this finding and notes that the magistrate judge did not find, as petitioner appears to contend, that this was the basis of a finding of

4

guilt at the DHO hearing. The objection is overruled.

Fifth, petitioner argues that the magistrate judge improperly applied the **Superintendent Mass. Corr. Inst., Walpole v. Hill** standard. 472 U.S. 445 (1985). Petitioner contends that the magistrate judge somehow misconstrued the import of his attached cop-outs, and seems to contend that the **Hill** standard required the magistrate judge to consider "[w]hether the evidence used was considered sufficient in light of the facts and evidence presented by petitioner supporting it was not." [Doc. 22 at 6]. However, under **Hill**, "[a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is *any evidence* in the record to support the disciplinary board's conclusion." Syl. Pt. 2, **Superintendent Mass. Corr. Inst., Walpole v. Hill** 472 U.S. 445 (1985) (emphasis added). This objection is overruled.

Sixth, petitioner objects to the magistrate judge's finding that the January 18, 2019, Memorandum for Operations Lieutenant is not proof that evidence was withheld because the exact same information was in the Incident Report. [Doc. 22 at 7]. Petitioner states "[t]his is so due regardless of what the memorandum said, petitioner had a right to be made aware what was being alleged and who was alleging it." [Id.]. As the magistrate judge already found, the allegations were provided in the Incident Report; this objection is without merit and is overruled.

Seventh, petitioner objects to the magistrate judge rejecting his argument that respondent was vague in defining petitioner's statements to the officer. Reviewing the

objection, petitioner does not point to any specific error and merely makes a conclusory objection that the magistrate judge did not adequately explain why he was not entitled to relief. The objection is overruled.

Eighth, petitioner objects to the magistrate judge's finding that there was no **Accardi**[1] doctrine violation and contends that the magistrate judge failed to make factual findings; in doing so, he alleges the magistrate judge "adopt[ed] the DHO's and Respondent's roles." [Doc. 22 at 8]. The magistrate judge found that BOP policy permits a visual search when there is reasonable belief that contraband may be concealed on the person; the magistrate judge found that under the circumstances of this case, staff was within this policy in conducting the search and there was no **Accardi** violation. [Doc. 19 at 17–18]. This Court agrees and the objection is overruled.

Finally, petitioner contends he is entitled to an evidentiary hearing for findings of fact. [Doc. 22 at 11]. The magistrate judge reviewed the record, including the evidence included in petitioner's attachments, and found that there was no genuine issue of material fact in this case. The Court finds that petitioner has not shown that this was in error and thus an evidentiary hearing is not warranted. The objection is overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 19]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the Motion to

---

[1] As noted by the R&R, under **United States ex rel. Accardi v. Shaughnessy**, 347 U.S. 260, 268 (1954), when an agency fails to follow its own procedures, that agency's actions are generally invalid.

Dismiss or for Summary Judgment [**Doc. 15**] is hereby **GRANTED**, the petition [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**, and the Motion for Writ of Mandamus [**Doc. 10**] is **DENIED AS MOOT**. Further, the pending Motion for Extension of Time [**Doc. 21**] is **DENIED AS MOOT**. The Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** October 7, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE